## LANDRY v. HIS CREDITORS.

Where the provisional syndic of an insolvent makes himself an inventory of the effects surrendered, he will not be entitled to extra compensation for his services, though it may have required several days to complete the inventory. His services must be considered as compensated by his commissions.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.
The judgment of the court was pronounced by

SLIDELL, J. A tableau of distribution having been filed in this case by *Castera*, the syndic, *Jarvis*, who had been provisional syndic, filed an opposition. From a decree sustaining a portion of this opposition of *Jarvis*, the syndic has appealed. The appellant calls upon us to correct the judgment of the court below, so far as it allows two items claimed by *Jarvis*, in his opposition.

The first item was thus described in the account annexed to the opposition of the provisional syndic:

"For taking inventory of goods surrendered, $50."

The only testimony with regard to this item is as follows: One witness says, that "*Jarvis* took an inventory of the goods surrendered by *Landry* to his creditors, and contained in his drug store. It took five or six days to take that inventory." Another witness, a druggist, says, "he considers the charge of the provisional syndic a moderate one, for making the inventory of the drug store in this case. He would not certainly make it for such a small charge."

The opponent has not stated this sum, in the account annexed to his opposition, as an expenditure to a person employed by him, nor has he proved such employment, nor its necessity. It would seem, from the mode of charging this item and from the testimony, that he made the inventory himself. If so, his own services must be considered as covered by his commissions.

It was the opponent's duty, if the case was otherwise, to allege and show it. We then would have considered the necessity and reasonableness of the disbursement. We think the court erred in allowing this item.

The other item claimed by the opponent was $100, charged as follows in the account annexed to his opposition :

" Cash paid *John Winthrop*, attorney's fees, $100."

The syndic had only made a provision of $50 for this item, and the opposition of the provisional syndic represents that he had paid to his counsel $100, and asks the reimbursement to himself of what he had thus expended for professional services. *Winthrop* filed no opposition, nor is he before us either as appellant or appellee. The contest is between the syndic and *Jarvis*, the provisional syndic; and the question is, shall *Jarvis* be paid out of the funds of the estate the money he has thus paid to the attorney employed by him ?

Testimony was given on both sides, and without exception, on the subject of the reasonableness of the sum thus disbursed, and the extent and nature of the professional services. It is contradictory. The judge below was satisfied that the disbursement was not extravagant. It was a question of fact, and we cannot say that the court below erred.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below be so far amended, as to disallow the item of $50 for taking the inventory, and that in other respects, said judgment be affirmed; the appellee, *Jarvis*, paying the costs of this appeal.

*Castera*, syndic and appellant, *pro se.* *Greiner*, on the same side. *Winthrop*, contrâ.